Priscilla T. BAGGESEN, Plaintiff,

v.

AMERICAN SKANDIA LIFE ASSUR-
ANCE CORPORATION and Securi-
ties America, Inc., Defendants.

No. CIV.A.02–40001–NMG.

United States District Court,
D. Massachusetts.

Dec. 5, 2002.

Matthew T. Oliverio, Christine M. Cur-
ley, Providence, RI, for Plaintiff.

Robert D. Hillman, Michael D. Zalosh,
Deutsch, Williams, Brooks, DeRensis, Hol-
land & Drachman, Boston, MA, Kevin J.
Lesinski, Choate, Hall & Stewart, Boston,
MA, for Defendants.

### ORDER

SWARTWOOD, United States
Magistrate Judge.

#### Nature of the Proceeding

By order of reference dated November
6, 2002, Securities America, Inc.'s Motion
to Compel Arbitration and For Stay of
District Court Proceedings (Docket No. 5)
has been referred to me for disposition.

#### Nature of the Case

On December 27, 2001, Priscilla Bagges-
en ("Ms. Baggesen" or "Plaintiff") filed in
this court an eight count complaint against
American Skandia Life Assurance Corpo-
ration ("American Skandia") for: Negli-
gence (Count I); Fraudulent Misrepresen-
tation (Count II); and Agency (Count III);
and against Securities America ("SAI")
for: Negligence (Count IV); Fraudulent
Misrepresentation (Count V); Breach of
Fiduciary Duty (Count VI); Respondeat
Superior (Count VII); and Agency (Count
VIII). On March 21, 2002, American
Skandia filed an answer and asserted
cross-claims against SAI for declaratory
judgment and breach of contract based on
the indemnity language in American Skan-
dia's agreement with SAI.

## Facts

1. On or about October 22, 1993, Priscilla Baggesen opened a non-brokerage account with SAI. *Defendant Securities America, Inc.'s Motion to Compel Arbitration and for Stay of District Court Proceedings* (Docket No. 5) ("*Def's Mot.*"), Ex. B (*Non–Brokerage New Account Form*) ("*New Account Form*").

2. Todd LaScola, a registered agent of SAI, was her account executive. *Complaint*, at ¶¶ 5 and 8.

3. On that day, Ms. Baggesen signed a non-brokerage new account form. *Def's Mot., Ex. B, New Account Form.*

4. The form contains an arbitration clause, in relevant part, as follows:

> Agreement to Arbitrate Controversies. It is agreed that any controversy between the firm and myself [Priscilla T. Baggesen] relating to any past, present or future claims shall be determined by arbitration. Such arbitration shall be in accordance with the Rules of the National Association of Securities Dealers, Inc. or American Arbitration Association as I(we) may elect.
>
> *Def's Mot., Ex. B, New Account Form,* at ¶ 5.

5. Also on that date, Ms. Baggesen opened a SEP–IRA Account by signing an SEP–IRA Account Application. *Def's Mot., Ex. C* (SEP–IRA Account Application). That application included a provision that the account was subject to a pre-dispute arbitration agreement and indicates that Ms. Baggesen received a copy of that agreement.[1]

6. Ms. Baggesen alleges that during the period of time from the early 1990's through January 1999, Mr. LaScola managed and invested in excess of $100,000 of her funds. *Complaint*, at ¶ 36.

7. Ms. Baggesen further alleges that La Scola represented to her that he had set up accounts in her name with funds obtained from the surrender of annuity contracts she held at America Skandia. *Complaint*, at ¶ 27.

8. From 1995 to 1998, Ms. Baggesen alleges that Mr. LaScola arranged for the sale of securities and annuity contracts and converted more than $100,000 of her funds for his own use. *Complaint*, at ¶ 37.

9. Ms. Baggesen alleges that Mr. LaScola concealed his actions by sending her fraudulent income statements and monthly interest checks. *Complaint*, at ¶ 13.

## Discussion

SAI seeks to stay these proceedings and to compel the action to arbitration as required by arbitration provisions in the account forms signed by Ms. Baggesen. Ms. Baggesen objects to the motion, arguing that her claims against American Skandia and the cross-claims between SAI and American Skandia are not subject to arbitration and that judicial economy requires resolution of all of the claims in one forum.

## Legal Standard

There is a strong presumption in the federal courts in favor of arbitration. Pursuant to the Federal Arbitration Act ("FAA"), all arbitration provisions agreed

---

1. SAI asserts that in addition to the New Account Form, Ms. Baggesen executed two additional brokerage new account forms, one dated October 26, 1993 and the other dated November 11, 1993. SAI further asserts that the new account forms contained provisions requiring that all controversies between the parties be subject to arbitration. SAI cites to Exhibit C to support these assertions. However, the only document contained in Exhibit C is the SEP–IRA Account Application. Therefore, for purposes of the Order, I will assume that the only forms signed by Ms. Baggesen requiring that she submit to arbitration are the New Account Form and SEP–IRA Account Application.

to by parties to a contract are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has determined that the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). The court's inquiry is limited to ascertaining the existence of an agreement to arbitrate and the viability of the arbitration clause. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 403–404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). In deciding an application for a stay pending arbitration, the court may consider only those issues relating to the making and performance of the agreement to arbitrate. *Id.* at 404, 87 S.Ct. 1801. Further, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself, or an allegation of waiver, delay, or a like defense to arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

Section 3 of the FAA provides for the mandatory stay of an action brought in federal court where that action involves an issue intended by the parties to be resolved through arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding

is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. In order to stay court proceedings pursuant to Section 3, this Court must find that a written agreement to arbitrate exists between the parties, the dispute in question falls within the scope of that agreement, and the party seeking arbitration has not waived its right to arbitration. *Brennan v. King,* 139 F.3d 258, 264 267 (1st Cir.1998).

All of the parties agree that Ms. Baggesen's claims against American Skandia are not subject to an agreement to arbitrate. The New Account Form and the SEP–IRA Account Application between MS. Baggesen and SAI require that controversies between the parties be determined by arbitration. Ms. Baggesen does not argue that the arbitration clauses are not binding, nor does she argue that her claims against SAI are not subject to arbitration or that SAI waived its right to arbitration. Instead, Ms. Baggesen argues that since her claims against American Skandia are not arbitrable, this action cannot be completely resolved through the arbitration process. Therefore, the resulting "judicial economy, disproportionate costs to [her] and risk of piecemeal litigation militate against granting SAI's motion to compel arbitration." *Memorandum in Support of Plaintiff's Objection to Defendant Securities America, Inc.'s Motion to Compel Arbitration* (Docket No. 15), at p. 2.[2]

I find that Ms. Baggesen's claims against SAI are subject to arbitration and that Ms. Baggesen has failed to establish that the strong policy in favor of compel-

---

**2.** American Skandia has asserted cross-claims against SAI essentially seeking a ruling that

ling arbitration where the parties have agreed to do so should be ignored in this case. Therefore, SAI's motion to compel arbitration is allowed. As to Ms. Baggesen's claims against American Skandia, since those claims are not subject to an agreement to arbitrate, this Court cannot compel Plaintiff to arbitrate such claims. *See PaineWebber Inc. v. Elahi*, 87 F.3d 589, 594 (1st Cir.1996), citing *AT & T Technologies v. Communications Workers of America*, 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)(nothwithstanding strong policy in favor of arbitration, courts cannot override intent of parties by compelling them to arbitrate where they have not agreed to do so). The question now becomes whether Plaintiff's claims against American Skandia should be stayed pending resolution of the arbitration proceedings between her and SAI.

 Where a case involves both arbitrable and non-arbitrable claims, whether the non-arbitrable claims should be stayed pending resolution of the arbitrable claims is generally discretionary with the court. *See Moses H. Cone*, 460 U.S. at 21, n. 23, 103 S.Ct. 927 ("In some cases ... it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court ... as a matter of its discretion to control its docket."); *Cannavo v. Enterprise Messaging Servs., Inc.*, 982 F.Supp. 54, 59–60 (D.Mass.1997), and cases cited. All of Plaintiff's allegations against the Defendants involve the actions of Mr. LaScola acting in his capacity as their agent. Consequently, the factual and legal underpinnings of Plaintiff's claims against SAI are substantially similar to those she alleges

SAI is obligated to indemnify it with respect to Ms. Baggesen's claims against it. Ms. Baggesen has argued that since American Skandia has not alleged that such claims are arbitrable, they must be resolved by this Court, thus bolstering her argument that denying

against American Skandia. Under these circumstances, the arbitrator's disposition of Plaintiff's claims against SAI may affect the disposition of her claims against American Skandia in this action. Therefore, I am allowing SAI's motion to stay the entire case pending completion of arbitration on the claims between Ms. Baggesen and SAI. *See McCarthy v. Azure*, 22 F.3d 351, 361, n.15 (1st Cir.1994).

### Conclusion

Securities America, Inc.'s Motion to Compel Arbitration and For Stay of District Court Proceedings (Docket No. 5) is *allowed.*

SAI's motion to compel would avoid piecemeal litigation and would be in the interest of judicial economy. However, SAI has agreed to indemnify American Skandia, which for all intents and purposes, moots American Skandia's cross-claims against SAI.